$550

JKG

JANE S. SEBELIN, ESQUIRE
I.D. No. 88266
533 Delaware Avenue
Palmerton, PA 18071
(610) 826-3122

Attorney for Plaintiff,
TODD H. DREISBACH and
ANTOINETTE DREISBACH

1

| | |
|---|---|
| TODD H. DREISBACH and<br>ANTOINETTE DREISBACH<br>4315 Fox Drive<br>Walnutport, PA 18088<br>Plaintiffs<br><br>Vs.<br><br>DAVOL, INC.,<br>100 Sockanosset Crossroads<br>P. O. Box 8500<br>Cranston, RI 02920,<br><br>And<br>C. R. BARD, INC.<br>730 Central Avenue<br>Murray Hill, NJ 07974,<br>Defendants. | IN THE UNITED STATES COURT FOR THE<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br>No. A/R<br><br>JURY TRIAL DEMANDED<br><br>08-2834 |

FILED JUN 2008 By Dep. Clerk

# COMPLAINT

AND NOW, come the Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, Husband and Wife, and hereby complain against the Defendants, as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 inasmuch as this is a diversity action and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. Plaintiff, Todd H. Dreisbach, is an adult individual residing at 4315 Fox Drive, Walnutport, Northampton County, Pennsylvania 18088.

2. Plaintiff, Todd H. Dreisbach, is an adult individual residing at 4315 Fox Drive, Walnutport, Northampton County, Pennsylvania 18088.

JUN 18 2008

(2) 6-18-08

3. Plaintiff, Antoinette Dreisbach, is an adult individual residing at 4315 Fox Drive, Walnutport, Northampton County, Pennsylvania 18088.

4. Defendant, Davol, Inc. (hereinafter referred to as "Davol"), is a corporation that is incorporated under the laws of the State of Delaware. Davol has its principle place of business located at 100 Sockanosset Crossroads, Post Office Box 8500, Cranston, Rhode Island 02920.

5. Defendant, C.R. Bard, Inc., (hereinafter referred to as "Bard"), is a corporation that is incorporated under the laws of the State of New Jersey. C.R. Bard has is principal place of business located at 730 Central Avenue, Murray Hill, New Jersey 07974.

6. At all times material hereto, Defendants, Davol and Bard are and were authorized to do business throughout the United States, including in Pennsylvania, and were authorized to solicit business throughout the United States, including Pennsylvania.

7. Defendants, Davol and Bard, designed, manufactured, and distributed Kugel Mesh Patches (hereinafter to referred to as the "Mesh Patch").

8. Defendants placed the Mesh Patch into the stream of commerce in Pennsylvania.

9. The Mesh Patch was materially in the same condition from the time Defendants distributed it until the time it was inserted into Plaintiff, Todd H. Dreisbach.

10. In December 2004, Plaintiff, Todd H. Dreisbach, underwent a procedure whereby his abdomen was closed using the subject Mesh Patch.

11. On June 26, 2006, Plaintiff, Todd H. Dreisbach's, surgeons at St. Luke's Hospital, including James Cipolla, M.D., informed Mr. Dreisbach that his Mesh Patch

was defective but that it could not be removed safely and that he must greatly restrict his physical activities so as not to cause the Mesh Patch to break and injure his internal organs.

12. The Mesh Patch manufactured, designed and distributed by Defendants was defective as set forth below.

13. If Defendants had properly designed the Mesh Patch, Plaintiff, Todd H. Dreisbach, would not have physical restrictions, risk of death, and lost profits.

14. Plaintiff, Todd H. Dreisbach's, pain, suffering, injuries, risk of death, embarrassment, humiliation, disfigurement, loss of enjoyment of life, loss of income and profits, and loss of earning capacity, past, present, and future medical bills, and treatment, were caused and/or created and increased by the tortious and punitive conduct of the Defendants.

15. Plaintiffs demand a jury trial.

**COUNT I**
**TODD H. DREISBACH and ANTOINETTE DREISBACH**
**Vs.**
**DAVOL, INC. and C.R. BARD, INC.**
**(STRICT PRODUCTS LIABILITY)**

16. Plaintiffs incorporate paragraphs 1 through 15 as if the same or more fully set forth herein at length.

17. At all times material hereto, Defendants, Davol and Bard, are and have been in the business of designing, manufacturing, and selling mesh patches, including the Mesh Patch implanted into Plaintiff, Todd H. Dreisbach.

18. Defendants are strictly liable to Plaintiffs for designing, manufacturing, and selling the subject Mesh Patch in a defective and unreasonably dangerous condition, as follows:

a. The Mesh Patch was manufactured, designed, and distributed so that the memory recoil ring and/or other component parts could break under stress;

b. The Mesh Patch was manufactured, designed, and distributed so that the memory recoil ring and/or other component parts could break where it was welded together;

c. The Mesh Patch was manufactured, designed, and distributed so that the memory recoil rings and/or other component parts could malfunction;

d. The Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the patient.

e. The Mesh Patch did not contain every element necessary to make it safe for its intended use;

f. The Mesh Patch did not contain every element necessary to make it safe for its foreseeable use;

g. The Mesh Patch contained features rendering it unsafe for its intended use;

h. The Mesh Patch contained features rendering it unsafe for its foreseeable use;

i. The Mesh Patch did not perform as safely as an ordinary consumer would expect.

j. The Mesh Patch did not contain warnings of the above defects;

k. The Mesh Patch failed to guard the patient in which it was implanted against injuries from breakage; and

l. The Mesh Patch was otherwise defective.

19. The foregoing defective conditions caused Plaintiff, Todd H. Dreisbach's, injuries, as set forth below, and Plaintiff, Todd H. Dreisbach's damages, as set forth below.

20. Defendants have misrepresented to the public and to Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, the safety of the Mesh Patch, and the Defendants knew or should have known of the defects much earlier than they represented to the public, and these misrepresentations have caused Plaintiff, Todd H. Dreisbach's, injuries as well as Plaintiffs' damages as set forth at length below.

21. As a result of the defective conditions of the Mesh Patch and the Defendants' misrepresentations, Plaintiff, Todd H. Dreisbach, has sustained past and future medical expenses and treatment, loss of enjoyment of life, disfigurement, pain and suffering, embarrassment, humiliation, an increased risk of harm and an increased risk of death, the necessity for medical monitoring into the future, and a significant past and future loss of profits and loss of earning capacity.

WHEREFORE, Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, claim of Defendants, Davol, Inc. and C.R. Bard, Inc., an amount in excess of $75,000.00 or any other remedy that this honorable court deems just.

**COUNT II**
**TODD H. DREISBACH and ANTOINETTE DREISBACH**
**Vs.**
**DAVOL, INC. and C.R. BARD, INC.**
**(NEGLIGENCE)**

22. Plaintiffs incorporate paragraphs 1 through 21 as if the same or more fully set forth herein at length.

23. Defendants, Davol and Bard, were negligent, careless, and reckless, in that Defendants:

a. Placed the Mesh Patch in the stream of commerce when it knew or should have known of the defective conditions identified in the above Counts;

b. Conducted inadequate testing to identify the hazards inherent in the Mesh Patch;

c. Conducted inadequate investigation to identify and remedy the hazards inherent in the Mesh Patch;

d. Placed a dangerous chattle, to wit, the Mesh Patch, in the stream of commerce, subjecting Defendants to liability under Section 388 of the Restatement (2nd) of Torts;

e. Omitted to disclose the material fact that the Defendants knew of numerous failures of the Mesh Patch; and

f. Acted otherwise negligently, carelessly, and/or recklessly.

24. The negligence, carelessness, and recklessness of the Defendants, Davol and Bard, were a substantial danger in causing the injuries sustained by Plaintiffs, set forth more fully, above.

WHEREFORE, Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, claim of Defendants, Davol, Inc. and C.R. Bard, Inc., in an amount in excess of $75,000.00 or any other remedy that this honorable court deems just.

**COUNT III**
**TODD H. DREISBACH and ANTOINETTE DREISBACH**
**Vs.**
**DAVOL, INC. and C.R. BARD, INC.**
**(BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)**

25. Plaintiffs incorporate paragraphs 1 through 24 as if the same or more fully set forth herein at length.

26. Defendants, Davol and Bard, expressly or impliedly warranted to Plaintiffs that the Mesh Patch was fit and safe for its intended and foreseeable use.

27. The Mesh Patch was unsafe, unmerchantable, and unfit for human use, and otherwise injurious to Plaintiffs.

28. Defendants knew that Plaintiffs were relying upon Defendants' skill and judgment, to design, manufacture, assemble, and supply the Mesh Patch in a safe and effective manner for its intended and foreseeable use.

29. Defendants breached the implied warranty of merchantability of the Mesh Patch to Plaintiff in that it was not fit for its intended and foreseeable use.

30. Defendant's breach of its expressed and implied warranty and merchantability caused and/or contributed to the injury sustained by Plaintiff as set forth more fully above.

WHEREFORE, Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, claim of Defendants, Davol, Inc. and C.R. Bard, Inc., an amount in excess of $75,000.00 or any other remedy that this honorable court deems just.

**COUNT IV**
**TODD H. DREISBACH and ANTOINETTE DREISBACH**
**Vs.**
**DAVOL, INC. and C.R. BARD, INC.**
**(BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)**

31. Plaintiffs incorporate paragraphs 1 through 30 as if the same or more fully set forth herein at length.

32. Defendants, Davol and Bard, expressly and impliedly warranted to Plaintiffs that the Mesh Patch was fit and safe for the purpose of surgical procedures and closing Plaintiff, Todd H. Dreisbach's, abdomen.

33. The Mesh Patch was unsafe and unfit for the purposes identified above and was otherwise injurious to Plaintiff.

34. Defendants knew that Plaintiff was relying upon Defendants' skill and judgment to design, manufacture, assemble, and supply the Mesh Patch in a safe and effective manner for the purposes identified above.

35. Defendants breached the implied warranty of fitness for a particular purpose in that the Mesh Patch was not, in fact, fit for the particular purpose identified above.

36. Defendants' breach of expressed and implied warranty of fitness for a particular purpose caused and/or contributed to the injuries sustained by the Plaintiffs and the Plaintiff's damages, as set forth above.

WHEREFORE, Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, claim of Defendants, Davol, Inc. and C.R. Bard, Inc., an amount in excess of $75,000.00 or any other remedy that this honorable court deems just.

**COUNT V**
**ANTOINETTE DREISBACH**
**Vs.**
**DAVOL, INC. and C.R. BARD, INC.**
**(LOSS OF CONSORTIUM)**

37. Plaintiffs incorporate paragraphs 1 through 36 as if the same or more fully set forth herein at length.

38. As a further result of the tortious conduct of Defendants, Davol and Bard, and as a further result of the injuries sustained by Plaintiff, Todd H. Dreisbach, as set forth above, Plaintiff, Antoinette Dreisbach, has lost and is continuing to lose the companionship, society, and services of her husband, and will continue to lose said society and services for an indefinite period of time into the future.

WHEREFORE, Plaintiff, Antoinette Dreisbach, claim of Defendants, Davol, Inc. and C.R. Bard, Inc., in an amount in excess of $75,000.00 or any other remedy that this honorable court deems just.

**COUNT VI**

**TODD H. DREISBACH and ANTOINETTE DREISBACH**
**Vs.**
**DAVOL, INC. and C.R. BARD, INC.**
**(PUNITIVE DAMAGES)**

39. Plaintiffs incorporate paragraphs 1 through 38 as if the same or more fully set forth herein at length.

40. Defendants, in whole or in part, designed, manufactured, distributed, sold, and/or placed the Mesh Patch into the stream of commerce with the expectations that persons, to wit, Plaintiffs, would be unnecessarily and unreasonably exposed to the hazards inherent in the Mesh Patch, and the Defendants had actual knowledge that the Mesh Patch was defective and that these defects rendered the Mesh Patch hazardous to those occupying it, so that they might sustain serious physical and financial injuries.

41. At all times material hereto, Defendants knew of and were in possession of every element necessary to make the Mesh Patch safe for those persons, to wit, Plaintiffs, who were expected to undergo procedures using the Mesh Patch and to be exposed to the hazardous conditions known by Defendants, including, but not limited to, the breaking of the memory recoil rings and/or their component parts.

42. Defendants could have readily and, in a cost effective manner, implemented every element necessary to make the Mesh Patch safe for persons, to wit,

Plaintiffs, whom Defendants expected to occupy and be exposed to its hazardous conditions.

43. Defendants consciously and deliberately opted not to include every element necessary to make the Mesh Patch safe for all persons, to wit, Plaintiffs.

44. Defendants did not timely apprise the public and physicians of the defects in the Mesh Patch, despite Defendants' knowledge that the Mesh Patch was defective.

45. As such, Defendants consciously, deliberately, and unnecessarily subjected Plaintiff to the substantial risk of death and serious bodily and financial injury.

46. Plaintiffs' physical and financial injuries were a consequence which Defendants knew were likely to result from their refusal to implement known safety precautions as set forth herein.

47. Defendants' conduct, therefore was outrageous, and constituted a reckless disregard for the safety of others, including Plaintiff, and warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs, Todd H. Dreisbach and Antoinette Dreisbach, claim of Defendants, Davol, Inc. and C.R. Bard, Inc., an amount in excess of $75,000.00 and any other remedy that this honorable court deems just.

Respectfully Submitted,

SHULMAN SHABBICK & SEBELIN

Date: June 16, 2008 By [signature]

JANE S. SEBELIN
I. D. No. 88266
Attorney for Plaintiffs
533 Delaware Avenue
Palmerton, Pennsylvania 18071
(610) 826-3122

# VERIFICATION

I, TODD H. DREISBACH, Plaintiff herein named, verify that the statements made in the foregoing Complaint are true and correct understanding that any false statements made herein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 06-09-08.

TODD H. DREISBACH