**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TODD DREISBACH and ANTOINETTE DREISBACH, h/w, | : | |
| Plaintiffs, | : | |
| vs. | : | NO. 08-2834 |
| DAVOL INC. and C.R. BARD INC., | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC.**
**TO PLAINTIFFS' COMPLAINT**

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol," together with Bard, "Defendants"), by and through their counsel, answers the Plaintiffs' Complaint (the "Complaint") as follows:

**COMPLAINT**

1. Defendants admit the jurisdictional requirements of 28 U.S.C. § 1332 have been met. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 100 Crossing Boulevard, Warwick, Rhode Island 02886.

5. Bard admits that it is a corporation organized under the laws of the State of New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

6. Defendants admit that they solicit and conduct business throughout the United States, including the State of Pennsylvania. To the extent any material allegations are alleged, Defendants deny the same.

7. Bard denies the allegations. Davol admits that at various times it designed, manufactured, and distributed the Composix® Kugel® Patch to prescribing physicians in accordance with its accompanying labeling information.

8. Bard denies the allegation. Davol does not know what is meant by "placed the Mesh Patch into the stream of commerce" and therefore denies the allegation.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 9 and therefore deny the allegation.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the allegations.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the allegations.

12. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

13. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

14. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

15. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**COUNT I – STRICT PRODUCTS LIABILITY**

16. In response to Paragraph 16 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

17. Bard denies the allegations. Davol admits that at various times it designed, manufactured, and distributed the Composix® Kugel® Patch to prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the allegations.

18. The allegations in Paragraph 18 and its subparts (a) through (l) are conclusions of law and no answer is required; to the extent an answer is required, Defendants deny those allegations.

19. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

20. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

21. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**COUNT II – NEGLIGENCE**

22. In response to Paragraph 22 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

23. The allegations in Paragraph 23 and its subparts (a) through (f) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

24. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

25. In response to Paragraph 25 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

26. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

27. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

28. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

29. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

30. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**COUNT IV – BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

31. In response to Paragraph 31 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

32. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

33. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

34. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

35. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

36. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**COUNT V – LOSS OF CONSORTIUM**

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

38. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**COUNT VI – PUNITIVE DAMAGES**

39. In response to Paragraph 39 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

40. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

41. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

42. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

43. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

44. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

45. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

46. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

47. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*.

5. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Misuse or abnormal use of the product or failure to follow instructions by Plaintiffs or their agents, including physicians, bars Plaintiffs' claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence, acts or omissions, and therefore Plaintiffs' right to recover is diminished in an amount based upon their individual relative degrees of fault.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are subsumed, in whole or in part, by applicable state law.

16. The laws of one or more jurisdictions other than Pennsylvania apply to Plaintiffs' claims in whole or in part.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

18. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages, if any.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative/contributory negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and any other applicable law.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Pennsylvania and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: July 11, 2008

Respectfully submitted,

Barbara K. Gotthelf
Kari B. Samuels
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3838

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused the Entry of Appearance on behalf of defendants Davol Inc. and C. R. Bard, Inc. to be served via regular mail upon the following:

Jane S. Sebelin, Esquire
533 Delaware Avenue
Palmerton, PA 18071

By: [signature]
Barbara K. Gotthelf
McCarter & English, LLP
Attorneys for Defendants,
Davol Inc. and C. R. Bard, Inc.

Dated: July 11, 2008