IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TODD H. DREISBACH and ANTOINETTE DREISBACH,
Plaintiffs

vs.

DAVOL, INC.; and C.R. BARD, INC.,
Defendants

Civil Action No. 08-CV-02834

RULE 16 TELEPHONE CONFERENCE SCHEDULING ORDER

NOW, this 21st day of July, 2008,

IT IS ORDERED that a Rule 16 conference by telephone conference call is scheduled on Thursday, August 28, 2008, at 9:15 o'clock a.m. with Judge James Knoll Gardner.

IT IS FURTHER ORDERED that lead trial counsel for plaintiff[1] shall initiate the telephone conference call with lead trial counsel for all other parties and with all unrepresented parties. Counsel for plaintiff shall initiate the call five minutes in advance of the scheduled conference, and when all counsel and unrepresented parties are on the line, shall call chambers at (610) 434-3457.

IT IS FURTHER ORDERED that the lead trial counsel of record for each party, and each unrepresented party, shall participate in the conference. No substitutions will be permitted unless authorized by Judge Gardner at least 48 hours prior to the conference.

IT IS FURTHER ORDERED that at the conference counsel[2] and unrepresented parties shall be prepared to discuss (where applicable) the following:

---

[1] If there are multiple plaintiffs represented by different counsel, counsel for plaintiffs shall determine which plaintiff's counsel shall initiate the call. If there are both represented and unrepresented plaintiffs, the call shall be initiated by counsel for one of the represented plaintiffs. If the only plaintiff, or each of multiple plaintiffs, is unrepresented, the call shall be initiated by an unrepresented plaintiff.

[2] Ordinarily, only one counsel per party will be permitted to speak at the conference.

1. Deadlines (if applicable) for:

   (a) filing and responding to pleadings;
   (b) amendment of pleadings;
   (c) discovery, including the submission of expert reports;
   (d) motions, and cross-motions, for summary judgment, and responses;
   (e) other dispositive motions;
   (f) motions in limine;
   (g) pre-trial memoranda.

2. Proposed trial dates. (Counsel shall have their trial calendars available).

3. Length of trial.

4. Attachments of trial counsel before other courts in this and other jurisdictions during the trial term.

5. Witness availability.

6. Other scheduling considerations.

7. Whether the case shall be tried with or without a jury.

8. Number of jurors.

9. Juror voir dire.

10. Legal issues to be resolved prior to trial.

11. Any unique or unusual factual, legal, or procedural, aspects of the case.

12. Logistical problems requiring court attention.

13. Settlement negotiations history (in jury trial cases).

14. Settlement (in jury trial cases).

15. Status of pending motions.

IT IS FURTHER ORDERED that counsel and unrepresented parties shall provide Judge Gardner[3] by mail, delivery service, or fax, to be received by Judge Gardner and served on all opposing counsel and unrepresented parties not later than seven days prior to the conference, an informal memorandum which shall not exceed two pages in length and which shall include the following information:

1. A brief statement of the facts.
2. The party's liability contentions.
3. The party's damages contentions.
4. Enumeration of all special or liquidated damages claimed.
5. History of settlement negotiations, including all demands and offers.[4]

IT IS FURTHER ORDERED that continuances will be granted only in extraordinary circumstances. Continuance requests shall be signed by one counsel of record for each represented party and by each unrepresented party. Continuance requests shall be submitted at least ten days prior to the conference on a form approved by Judge Gardner.

By:

/s/ Cheryl E. Sinclair
CHERYL E. SINCLAIR
Civil Deputy Clerk to
Judge James Knoll Gardner
Phone: (610) 434-3457

[3] The memoranda may be forwarded to Judge Gardner by mail at Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Suite 4701, Allentown, PA 18101; or by fax at (610) 434-3459.

[4] History of settlement negotiations shall be provided only in cases in which a jury trial has been requested. Settlement negotiation history should not be provided in cases in which the trial will be conducted without a jury.